UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANDREW DELANEY,

        Plaintiff,

v.

THE GOLDMAN SACHS GROUP, INC.,

        Defendant.

Civil Action No. 3:26-cv-01584

**FIRST AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1331, 1332, 1441, and 1446, Defendant The Goldman Sachs Group, Inc. ("Goldman Sachs") files this First Amended Notice of Removal, regarding the prior removal of this case from the 44th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

**I.      State Court Action and Prior Removal**

1.      On or about April 2, 2026, Plaintiff Andrew Delaney filed his Original Petition in the 44th Judicial District Court of Dallas County, Texas (the "State Court Action").

2.      The plaintiff's Original Petition asserts the following claims against Goldman Sachs: retaliation, defamation/business disparagement, securities fraud, violations of the Texas Organized Crime Act, breach of fiduciary duty, and books-and-records and internal controls violations.

3.      Goldman Sachs was served with the Original Petition from the State Court Action on April 21, 2026.

4.      Goldman Sachs removed the Original Petition to this Court on May 15, 2026. (Dkt. 1).

5.      Goldman Sachs files this First Amended Notice of Removal as a matter of right because it is within 30 days of service of the Original Petition. 28 U.S.C. § 1446(b); *Crow v. Melton*, 2018 WL 10419358, at *8 (N.D. Tex. Feb. 20, 2018), *report and recommendation adopted*, 2018 WL 10419359 (N.D. Tex. Mar. 23, 2018) ("Within the thirty-day period prescribed by § 1446(b), a defendant may freely amend its notice of removal.") (internal quotation marks omitted).

## II.      Procedural Requirements

### A.      Basis for Removal: Diversity Jurisdiction

6.      This action is removable pursuant to 28 U.S.C. §§1332(a), 1441(a), and 1446. Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the action is between citizens of different States. *Id*. §1332(a)(1).

7.      A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). A corporation's principal place of business is located at its "nerve center," which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8.      Here, Goldman Sachs is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New York.

9.      "[I]ndividuals are citizens of the state where they are domiciled." *MBW Bank of North Am. v. Thomas*, 2024 WL 4530035, at *2 (N.D. Tex. Sept. 18, 2024) (citing *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972)). "For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Finance, LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotation marks omitted).

10.     The plaintiff states in his Original Petition that he "is an individual residing in Hemphill County, Texas." (Dkt. 1-6 ¶ 5). The plaintiff's Original Petition includes a mailing address in Canadian, Texas and a Texas phone number *Id.* at 8. The plaintiff's request for service includes the same mailing address in Canadian, Texas and an Arizona phone number. (Dkt. 1-9 at 2). The plaintiff does not allege in his Original Petition that he resides in any state (or country) other than Texas.

11.     A party's domicile is based on "a variety of factors." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). "Evidence of a person's place of residence, however, is *prima facie proof* of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (emph. added).

12.     In a related case filed in this District on April 13, 2026, the plaintiff similarly states that he "is a resident of Canadian, Texas," that "Venue is proper in this District because Plaintiff resides in Canadian, Texas," and represented that he is a "Citizen" of Texas. *Delaney v. SEC et al.*, Case No. 4:26-cv-00453, Dkt. 1 ¶¶ 5-7.

13.     The plaintiff's statements in this and the related SEC case establish that he is domiciled in Texas as of this removal.[1]

---

[1] After stating in the Original Petition that he is "residing in" Texas, the plaintiff now asserts in his briefing that he is domiciled in the Philippines. Dkt. 6 ¶ 3. The plaintiff provides no corresponding evidence for this assertion and refers only to a declaration from 2022. *See Delaney v. Daily Journal Corp.*, 2023 WL 2025592, at *1 (11th Cir. 2023). But the plaintiff's domicile in 2022 does not determine his current domicile, nor refute his own statements regarding residency. In fact, *Delaney v. Daily Journal Corp.* shows the plaintiff has claimed to reside in numerous places other than the Philippines. There, he claimed first to be a citizen of Florida, then a citizen of California, and finally "a U.S. citizen domiciled abroad in the Republic of the Philippines." *Beres v. Daily J. Corp.*, 2022 WL 17174475, at *1 (S.D. Fla. Nov. 23, 2022). Additionally, in other cases he has claimed to reside in Houston, Texas; Canadian, Texas; Bridgeton, Missouri; New York; and Georgia. *See* Statement of Inability to Afford Payment of Ct. Costs or an Appeal Bond, *Delaney v. Neeley*, No. 01-26-00503-CV (Tex. App.—Houston [1st Dist.] May 13, 2026) (home address in Houston, Texas); Compl. ¶ 8, *Delaney v. U.S. Secs. & Exchs. Comm'n*, No. 4:26-cv-00453-Y (N.D. Tex. Apr. 13, 2026), Dkt. No. 1 (resident of Canadian, Texas); Compl. ¶ 11, *Delaney v. Metropolitan Life Ins. Co.*, No. 4:26-cv-00039-ACL (E.D. Mo. Jan. 12, 2026), Dkt. No. 1 (resident of Bridgeton, Missouri); Countercl. ¶ 2, *HC2, Inc. v. Delaney*, No. 1:20-cv-03178-LJL (S.D.N.Y. May 13, 2020), Dkt.

14.     Accordingly, there is complete diversity of citizenship because the plaintiff is a citizen of Texas and Goldman Sachs is a citizen of Delaware and New York.

15.     Finally, based on the allegations in the Original Petition, the amount in controversy exceeds $75,000. *See* Orig. Pet. ¶7 ("The amount in controversy exceeds $1,000,000.").

**B.     Basis for Removal: Federal Question Jurisdiction**

16.     This action is also removable pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331.

17.     There is federal question jurisdiction when a claim, as pleaded, "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009).

18.     The plaintiff's *pro se* petition is opaque and fails to identify *any* governing legal basis for several claims, including Counts 1 (Retaliation), 2 (Defamation / Business Disparagement), 3 (Securities Fraud/Material Misrepresentation and Omission), and 6 (Books, Records, and Internal Controls Violations).

19.     Although several claims could theoretically arise under state or federal law, and the plaintiff alleges that this case "asserts state-law claims," Dkt. 7 ¶ 6, Count 6 has no state law analog. The plaintiff alleges there that "Goldman Sachs knowingly and recklessly failed to maintain adequate internal controls and knowingly omitted or falsified records relating to the

---

No. 26 (resident of New York); Ch. 7 Vol. Pet. at 2-3, 36, *In re Andrew Delaney*, No. 20-bk-44372-JMM (Bankr. E.D.N.Y. Dec. 23, 2020), Dkt. No. 1 (claiming to have lived in New York from 2000-2020); Master Short Form Compl. ¶ 5, *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 7:20-cv-97950 (N.D. Fla. May 19, 2020), Dkt. No. 1 (resident of Georgia).

above matters." (Dkt. 1-6 ¶ 78). The plaintiff further claims that he was damaged by "Goldman Sachs' failure to maintain accurate books, records, and internal controls." *Id.* ¶ 79.

20.     The only identifiable legal authority for the type of direct claim alleged in Count 6 arises from two federal statutes: the Securities Exchange Act and the Sarbanes-Oxley Act ("SOX"). Both statutes require entities, including Goldman Sachs, to maintain accurate books and records and internal controls — the requirements that the plaintiff alleges Goldman Sachs failed to meet. Even if not meritorious or adequately pleaded, this is sufficient to establish federal question subject matter jurisdiction. *See, e.g.*, *Borden*, 589 F.3d at 172 ("Though unskillfully pled, Borden's claim for relief may only be characterized as 'arising under' federal law for purposes of federal question jurisdiction.").

21.     Because Count 6 necessarily arises under federal law, Delaney's other claims may also be removed. 28 U.S.C. §1446(c)(1).

**C.     Timeliness of Removal and Venue**

22.     Under 28 U.S.C. §1446(b)(1), civil actions may be removed within 30 days of service. Goldman Sachs was served with the Petition on April 21, 2026, making Goldman Sachs's deadline to remove this action May 21, 2026. Accordingly, this First Amended Notice of Removal is timely.

23.     With this filing, Goldman Sachs does not waive any defenses available to it. Nor does Goldman Sachs concede that the allegations in the plaintiff's Original Petition state a valid claim under applicable law or that the plaintiff has standing to bring this case.

24.     Venue is proper under 28 U.S.C. §1441(a) because this district and division embrace the county where the State Court Action was filed.

25.     An index of all documents filed in the State Court Action, and the date of filing, was previously attached to the Original Notice of Removal.

26.    All pleadings, process, orders, and filings in the State Court Action, including the

docket, were attached to the Original Notice of Removal, as required by 28 U.S.C. §1446(a).

### CONCLUSION AND PRAYER

For these reasons, Defendant Goldman Sachs respectfully requests that further proceedings

in the State Court Action be discontinued, and this suit be removed to the United States District

Court for the Northern District of Texas.


Dated:  May 20, 2026                                      Respectfully submitted,


                                                         */s/ Justin S. Rowinsky*
                                                         Mary E. Bracewell
                                                         State Bar No. 24139388
                                                         mbracewell@yettercoleman.com
                                                         Justin S. Rowinsky
                                                         State Bar No. 24110303
                                                         jrowinsky@yettercoleman.com
                                                         Alishan Alibhai
                                                         State Bar No. 24121498
                                                         asalibhai@yettercoleman.com
                                                         YETTER COLEMAN LLP
                                                         811 Main Street, Suite 4100
                                                         Houston, Texas  77002
                                                         (713) 632-8000


                                                         Attorneys for The Goldman Sachs Group, Inc.


### Certificate of Service

I certify that on May 20, 2026, a copy of this document was served on the plaintiff through
the Court's e-filing system.


                                                         */s/ Justin S. Rowinsky*
                                                         Justin S. Rowinsky